NICHOLAS W. BINDSEIL, trustee in bankruptcy,

*v.*

JOHN CASHION and EDWIN F. SMITH.

[Submitted February 10th, 1900.  Decided February 27th, 1900.
Filed November 17th, 1900.]

1. A state court has jurisdiction of a suit by a trustee in bankruptcy to set aside a transfer by the bankrupt, made within four months before the petition in bankruptcy was filed, giving a preference, though it is void only under the Bankruptcy act.

2. A suit in a state court by a trustee in bankruptcy to set aside a transfer of chattels by the bankrupt, giving a preference, is not barred by the fact that after the petition in bankruptcy was filed, and before the adjudication in bankruptcy, the creditors filed a petition to the United States district court, praying that the transferee be enjoined from disposing of the property, on which injunction issued, but nothing further was done; this not showing pendency of another suit, as the creditors could not further prosecute it.

The case comes before the court on motion to overrule a plea.

The bill is filed by a trustee in bankruptcy against John Cashion and Edwin F. Smith, the latter alleged to be a transferee of Cashion's property. Cashion was adjudged a bankrupt, and, by due proceedings in the district court of the United States for the district of New Jersey, his estate was vested in the complainant, who was appointed trustee; and the object of the bill is to set aside a transfer made by Cashion within four months before the petition in bankruptcy was filed, giving a preference to the defendant Smith, contrary to the provisions of the act.

The facts set forth in the bill show clearly enough that the transfer is void under the Bankrupt act, but is valid under state laws, as against any person not clothed with title under the Bankrupt act.

After the petition was filed, and before the adjudication of

bankruptcy, the same creditors who had filed that petition pre-
sented a second petition to the same district court, setting forth
that since the filing of the first petition they had obtained a judg-
ment against Cashion and taken supplemental proceedings under
it, and that in those proceedings the character of the transfer in
question was developed and the nature of the property—choses
in action—in the hands of Smith was shown, and praying that
Smith may be enjoined and restrained from assigning, trans-
ferring or in any way disposing of the chattels in question, and
for other relief. An injunction was granted pursuant to the
prayer of this petition, but no further proceedings were had
under it.

The plea sets up this second petition as a bar to the complain-
ant's suit in this court.

*Mr. Joseph D. Gallagher,* for the complainant.

*Mr. Robert H. McCarter,* for the defendants.

PITNEY, V. C.

Three questions were argued. *First.* Has this court jurisdic-
·tion of the cause of action set forth in the bill?. *Second.* Has
the district court of the United States for the district of New
Jersey jurisdiction of the cause of action? If both these ques-
tions are answered in the affirmative, then, *Third.* Was the filing
of the petition for restraint of Smith such a commencement of a
suit in the federal court to set aside the transfer as will prevent
proceedings in this court?

As to the first question, I think it must be answered in the
affirmative. There can be no doubt that the trustee in bank-
ruptcy was vested with the title to the whole property of every
nature of the bankrupt, precisely as a receiver of this court
would be if proceedings had been taken against the insolvent
or the defaulting debtor under the eighty-eighth and subsequent
sections of our Chancery Practice act, and with that goes the
right to enforce that title in the courts of this state.

It is urged, however, that, according to the state law, the
assignment in question to Smith was perfectly valid. Grant

Bindseil *v.* Cashion.

that to be so, still it became invalid, by virtue of the provisions of the Bankrupt act (which, as I understand the law, are of universal application), whenever attacked by a party properly authorized by the act. This court will not hold a transaction—when so attacked—valid which is declared to be invalid by the laws of the United States covering such subjects as the constitution places within the province of congress. In whatever court the trustee in bankruptcy comes to enforce his claim, the law of congress must be respected; and the case must be viewed precisely as if there had been a state law declaring void all assignments with preference made four months before application to the court for relief under the sections of the Chancery Practice act.

The next question is, Had the district court of the United States for the district of New Jersey jurisdiction of this same cause of action?

That jurisdiction is found in the second section of the Bankrupt act, in which the jurisdiction in bankruptcy is confided to the district courts of the United States, the supreme court of the District of Columbia and the district courts of the territories; and they are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms; (1) to adjudge persons bankrupt; (2) to allow or disallow claims against the bankrupt's estate; (3) to appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified (the petition upon which the plea now in question is based was filed under that clause); (4) to try and punish bankrupts, officers and other persons; (5) to permit temporary prosecution of business; (6) to bring in and substitute additional persons or parties in proceedings; (7) to cause the estates of bankrupts to be collected, reduced to money and distributed, *and determine controversies in relation thereto, except as herein otherwise provided;* (8) to close estates; (9) to confirm or reject compositions; (10) to consider and confirm,

modify or overrule, or return, with instructions for further proceedings; (11) to determine claims of bankrupts to exemptions; (12) to discharge bankrupts; (13) to enforce obedience by bankrupts, officers and other persons to lawful orders; (14) to extradite bankrupts; (15) to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act; (16) to punish persons for contempt committed before referees; (17) to appoint trustees; (18) to tax costs, and (19) to transfer cases to other courts of bankruptcy.

The jurisdiction of the circuit courts of the United States in bankruptcy cases is found in section 23 of the Bankrupt act, as follows:

"*a.* The United States circuit courts shall have jurisdiction of all *controversies* at law or in equity, as distinguished from *proceedings* in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent *only* as though bankruptcy proceedings had not been instituted, and such controversies had been between the bankrupts and such adverse claimants.

"*b.* Suits by the trustee shall *only* be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant.

"*c.* The United States circuit court shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offences enumerated in this act."

These provisions vary materially from those found in the Bankrupt act of 1867.

Naturally enough, it has been held that the district court may, before the adjudication of bankruptcy and before a trustee is appointed, by summary process, take possession of, or preserve by injunction, the property of the bankrupt until the trustee is appointed. *Davis* v. *Bohle, 92 Fed. Rep. 325; 34 C. C. App. 372,* is such a case. And to the same effect is *In re Gutwillig, 92 Fed. Rep. 337; 34 C. C. App. 377.* But those cases do not go any further, and do not reach the present case.

The question now under consideration was elaborately dis-

cussed in a learned opinion by Circuit Court Judge McCormick, in the fifth circuit court of appeals, in *Bernheimer* v. *Bryan, 93 Fed. Rep. 767; 35 C. C. App. 592* (April 25th, 1899), and it was there held that the district court had no jurisdiction to proceed and try the title to chattels alleged to be the property of the bankrupt, but claimed by a third person under conveyance from the bankrupt, in a summary manner upon a petition by the creditors, such as was presented to the district court in the present case. And that ruling was followed by the same circuit court of appeals in the case of *Camp* v. *Zellars, 94 Fed. Rep. 799; 36 C. C. App. 501* (June 1st, 1899). That case goes further than *Bernheimer* v. *Bryan,* in that there the petition was filed in the district court by the trustee after his appointment, and prayed for the cancellation of a conveyance of land made by the bankrupt to his wife alleged to have been fraudulent as to creditors, and for the recovery of the land for the benefit of the estate; and it was held that the district court had no jurisdiction to entertain such a suit. The decision appears to have gone upon the ground that a suit by a trustee to acquire title and possession of property of the bankrupt in the hands of a third party, who claimed the same by title from the bankrupt, was a new and independent proceeding or suit by the trustee, and not a part of the bankruptcy proceedings proper, and hence the district court, sitting as a court of bankruptcy, had no jurisdiction, and the trustee must seek his remedy in either the state or the federal court. It would seem that, if he sought the aid of the federal court, he must go into the circuit court of the United States under the twenty-third section of the Bankrupt act.

Subsequent to the decision of the case of *Camp* v. *Zellars, supra,* it was held by the district court of the western district of Michigan, in the case of *In re Newberry, 97 Fed. Rep. 24* (October 4th, 1899), that the district court had jurisdiction of a case precisely like the present. The decision is directly in the teeth of that of *Camp* v. *Zellars,* which was not cited before the Michigan judge.

Later, the question received careful consideration by the district court for Utah in the case of *Murray* v. *Beal, 97 Fed. Rep. 567* (November 13th, 1899), in which most of the previous cases,

including *Camp* v. *Zellars,* were cited. A great conflict of view of the various district courts is shown, and a result different from that in *Bernheimer* v. *Bryan* and *Camp* v. *Zellars* is arrived at, and the jurisdiction of the district court over that class of causes is sustained.

In this conflict of authority I should feel bound, if necessary for the decision of this cause, to follow that of the appellate court. But I do not find it necessary so to do.

The petition here set up in bar does not show any other action pending. It was presented by the creditors of the bankrupt to protect the property of the bankrupt until the adjudication of bankruptcy and appointment of the trustee. This object having been accomplished, the office of the petition is fulfilled, and it becomes *functus officio.* The petitioning creditors have no right in their capacity as creditors to further prosecute it. That right vested in the trustee. Whether the trustee might have been permitted by the district court to be substituted as petitioner therein, and to proceed with the suit, is not a matter which now concerns us. The fact is that he has not done so, but has sought relief in this court, where he is entitled to be heard.

I will advise that the plea be overruled, with costs; and that the defendants have leave to answer within twenty days or the bill be taken as confessed.